# Dothan Nat. Bank *v.* Enterprise Lumber Co.

### *Bill for Interpleader.*

(Decided February 5, 1914. 64 South. 613.)

*Interpleader; Intermeddling by Debtor; Right to Relief.*—Where funds are subscribed by various persons, including the officers of the bank, and are deposited in the bank to be paid to a corporation on the contingency of a completion of a contract, and a controversy arises among the subscribers to the fund, including such bank officers as individuals, questioning the completion of the contract in such a sense as to entitle the corporation to the funds, such action by such bank officials as individual subscribers, cannot be held to be such an intermeddling by the bank as would preclude it from maintaining interpleader to determine the rights of the claimant to the fund.

APPEAL from Houston Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by the Dothan National Bank for interpleader between the Enterprise Lumber Company and others, to determine to whom certain funds deposited therein belong. From a decree denying the right of interpleader complainant appeals. Reversed and remanded.

ALBERT E. PACE, for appellant. The bill of interpleader was proper in order to determine the respective claimant's right to the funds.—*Wheeler v. Armstrong,* 164 Ala. 452; *Kyle v. Mary Lee Co.,* 112 Ala. 606; *Conley v. Ala. G. L. I. Co.,* 67 Ala. 470; *Cross v. Memphis, etc.,* 96 Ala. 447; 5 Pom. 38; 3 Pom. 1322-6; 11 Enc. P. & P. 444. The action of the bank officials as individuals did not constitute such an intermeddling as would deny the right of the bank to interplead.—Authorities supra. Enterprise Lumber Company is estopped from disputing the equity of the bill.—*Wheeler v. Armstrong, supra.*

A. B. FOSTER and PHARES COLEMAN, for appellee. Where an affirmative fact necessary to relief is alleged it must be proven as alleged.—*Lehman v. McQueen,* 65 Ala. 570; 16 Cyc. 371, and authorities cited. The essential elements of a bill of interpleader are four as pointed out in 4 Pom. Eq. § 1322, et seq., and as followed by the courts of Alabama, beginning with *Gibson v. Goldthwaite,* 7 Ala. 281, up to and including *Wheeler v. Armstrong,* 164 Ala. 494. There were a great many claimants for different amounts of the fund, and hence, the claims could not be identical. This would deny interpleader.—4 Waites' Actions and Defenses 153; 11 Enc. P. & P. 453; 56 Cal. 43; 11 Sims. 139. Where a party is fully informed of the grounds of the claims of

the different parties as well as the nature and extent of his liability to each, he is in no position to interplead. —18 Abb. Par. 217; 8 Page 339; 42 N. H. 78. Where either of the respondents are wrong-doers or where the parties seeking to interplead is a wrong-doer, relief will always be denied.—*Conley v. Ala. G. L. I. Co.*, 67 Ala. 272; 1 Ind. 165; 17 N. J. E. 117; 50 N. Y. Supp. 128; 40 Ga. 269.

DE GRAFFENRIED, J.—Most of the questions involved in this appeal were disposed of by this court in the case of *Enterprise Lumber Co., et al. v. First National Bank of Dothan,* 181 Ala. 388, 61 South. 930. The general facts in the instant case and those in the above-cited case are identical, and this opinion, to be understood, must be read in connection with the opinion which was handed down by this court in the case above cited.

In the instant case the learned chancellor refused to grant the relief prayed for by the Dothan National Bank, because, in his opinion, the said bank did not occupy that position of neutrality which the stakeholder of a fund must occupy, between its claimants, to justify a bill of interpleader by such stakeholder.

The facts, speaking generally, are that a large number of the citizens of Dothan and its vicinity were subscribers to a fund which was to be paid to the Enterprise Lumber Company by the Dothan National Bank upon the happening of certain contingencies. The fund was to be kept on deposit in the Dothan National Bank until the happening of these contingencies, and *then* the fund was to be paid by the Dothan National Bank to the Enterprise Lumber Company. These matters were all shown by writings, and these writings showed the name of each subscriber and the amount of his sub-

[Dothan Nat. Bank v. Enterprise Lumber Co.]

scription to the fund. The inducement to the subscriptions was a public improvement—the building of a sawmill at Dothan, and the completion of a railroad from Dothan "to some deep water harbor on the Gulf of Mexico"—which, it was presumed, would prove of material benefit to the citizens of Dothan and its vicinity. Among the subscribers to this fund was Mr. Faircloth, the president of the Dothan National Bank, Mr. Crawford, the cashier of said bank, and the attorney of the bank. In making these subscriptions, these parties were acting, not for the bank or as officers of the bank, but for themselves as *individuals*.

Finally the time arrived when the Enterprise Lumber Company claimed that it was, under the terms of the written agreement under which the fund was subscribed, entitled to the fund. Some of the subscribers to the fund—among them said Faircloth, Crawford, and said attorney—claimed that the lumber company had not complied with said contract, and notified the Dothan National Bank not to pay over to said lumber company the amounts subscribed by them. The matter seems to have become a subject of discussion on the streets of Dothan, and we take it that the evidence discloses that Faircloth, Crawford, and the said attorney stated to several subscribers to the fund that, in their opinion, the lumber company had not complied with its contract; that they intended to notify the bank not to pay over the money subscribed by them; and it may be that each of these parties went so far as to request some of the subscribers to join them in their efforts to defeat the claim of the lumber company to said subscriptions. There is, however, no evidence tending to show that the Dothan National Bank—the corporation with which these parties were connected as officers—authorized them, in what they said and did, to act for or on behalf

of the bank. We do not think that, as the evidence shows beyond doubt that these gentlemen—officers of the bank as already stated—were *subscribers* to this fund, what *they* did in and about those subscriptions can be visited upon the *bank* as an act of the bank. When they made their subscriptions, they made them as private individuals, and not *for* the bank, and we think that it is equally clear that, when they stated to other subscribers that, in their opinion, the lumber company had not complied with its contract and was therefore not entitled to collect from the subscribers the amount of their subscriptions, they were acting just as other subscribers were acting, viz., as private individuals. Certainly there is no evidence that these gentlemen were authorized by the bank to make the above statements, and, as they were *subscribers* to the fund, we do not think that their acts can be visited upon the bank as being among their implied powers.—*Montgomery Bank & Trust Co. v. Walker,* 181 Ala. 368, 61 South. 951; *First National Bank of Birmingham v. First National Bank of Newport,* 116 Ala. 521, 22 South. 976; *Wynn v. Tallapoosa Bank,* 168 Ala. 469, 53 South. 228.

It must be remembered that, when subscriptions like those under consideration are made, each subscriber expects to derive a *benefit* therefrom through the *improvement* of the community in which he lives, and that therefore each subscriber has a *personal* interest in the *completion* of the work which called forth his subscription. If, therefore, the lumber company had *not,* when it demanded the money subscribed, *entitled* itself to the payment of that money, then each subscriber to the fund, in order that the lumber company might be *forced* to comply with its contract, was, to a certain extent, interested in the question as to whether *any* subscriber should pay the money subscribed by him before the

contract was complied with by the lumber company; and for that reason if, in truth, the lumber company, had not complied with its contract when it demanded the money of the bank, no bona fide subscriber, acting under the bona fide belief that the contract had not been complied with, can truthfully be said to have been an *intermeddler*, if he requested other subscribers not to pay their subscriptions, upon the ground that the contract had not been complied with. Each subscriber, in all such cases, acts upon the assumption that no subscriptions will be paid until the contemplated improvement is completed in accordance with the terms of the subscription. It would seem therefore that upon the best of reasons the acts of the officers of the said bank should not be visited upon the bank as acts of the bank.

It may be that the lumber company is, under the terms of its contract, entitled to every dollar which is held on deposit by the Dothan National Bank under the subscription agreement, but, for the reasons above set forth, as well as for the reasons set forth in *Enterprise Lumber Co. v. First National Bank of Dothan, supra,* we are of the opinion that the appellant is entitled, under the evidence in this case, to maintain its bill of interpleader, and to have the rights of the various claimants to said fund settled by the chancery court.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SAYRE, JJ., concur.